UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | No. 3:14-cr-00080-1 |
| | ) | Judge Trauger |
| ANTONIO SHANKLIN | ) | |

## ORDER AND MEMORANDUM

Pending before the court is *pro se* motion for relief pursuant to 18 U.S.C. § 3582 by Antonio Shanklin in which he asserts that he is entitled to a reduction of his sentence based on the Supreme Court's ruling in *Hughes v. United States*, — U.S. —–, 138 S. Ct. 1765, — L. Ed. 2d —– (2018). (Doc. No. 57).

By order entered on September 4, 2018, the court directed the government to file an answer, plead or otherwise respond to the motion. (Doc. No. 56). The government responded, contending that the defendant's motion should be denied because, under the terms of the plea agreement, he waived his right to seek relief pursuant to § 3582 and because of various factors that render him legally ineligible for a reduced sentence (Doc. No. 60).

**I.     Background**

On May 7, 2014, Shanklin was indicted on gun and drug charges, including four counts of possession with intent to distribute cocaine, one count of being a felon in possession of a gun, and one count of possessing a firearm in furtherance of his drug dealing activity. (Doc. No. 1 at Page ID # 1-3). Shanklin had three prior cocaine distribution convictions, therefore qualifying as a career offender under U.S.S.G. § 4B1.1 (PSR, ¶¶ 27-28, p. 10). His guideline range using the drug

1

quantity guidelines, plus 60 months for the § 924(c) conviction, was 211-248 months. His guideline range using the career offender table for a violation of § 924(c) was 262-327 months. Therefore, his applicable sentencing guideline range was 262-327 months, and did not depend on the drug quantity tables in its calculation. (PSR, ¶¶ 32-33, p. 11).

In a binding plea agreement under Rule 11 (c)(1)(C), Shanklin pled guilty on August 31, 2015, to one count of possession with intent to distribute crack cocaine and one count of possessing a firearm in furtherance of his drug dealing activity in exchange for a sentence of 84 months on the drug count consecutive to 60 months on the gun count, for a combined sentence of 144 months—a below guidelines sentence. (Doc. No. 38 at Page ID # 63). His plea agreement further resulted in dismissal of a felon in possession charge, which would have resulted in a minimum mandatory sentence of 15 years due to his status as an armed career criminal.

On November 20, 2015, the Court sentenced Shanklin to the agreed-upon sentence of 144 months, divided into 84 months on the drug charge plus 60 months on the § 924(c) charge, as required by statute. (Doc. No. 43 at Page ID # 73-78).

Roughly three months after sentencing, Shanklin moved for a sentence reduction under § 3582(c)(2). (Doc. No. 47.) The court denied that motion, explaining that Shanklin was "not eligible for a reduction of his sentence based on Amendment 782 because that Amendment was already in effect at the time he was sentenced, and did not apply to reduce his sentence because his guideline sentencing range was based on his status as a Career Offender rather than the drug quantity involved." (Doc. No. 50 at PageID# 100). The Sixth Circuit affirmed on appeal, explaining that Shanklin's sentence was imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) and, under the then-controlling concurring opinion by Justice Sotomayor in *Freeman v. United States*, 564 U.S. 522 (2011), the plea agreement's failure to expressly use a particular

guideline range rendered Shanklin ineligible for a sentence reduction. (Doc. No. 52). Shanklin now has filed a motion for reconsideration of his sentence in light of *Hughes*. (Doc. No. 57).

II.     Analysis

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). A defendant is not eligible for a sentence reduction if a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.1(a)(2)(B). The decision whether to reduce a sentence must be based on the sentencing factors set forth in 18 U.S.C. § 3553(a), and any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The defendant's motion for relief relies on Amendment 782 to the sentencing guidelines, which went into effect on November 1, 2014. Amendment 782 amended sentencing guideline § 2D.1.'s drug quantity table to reduce by two levels the base offense level for most drug offenses. Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. U.S.S.G. Manual App. C, amend. 788.

In his motion, Shanklin contends that, under the Supreme Court's recent decision in *Hughes*, he should receive the benefit of Amendment 782 because the sentencing guidelines assisted the court in sentencing him. In *Hughes*, the Supreme Court held that a defendant who was sentenced under a plea agreement authorized by Federal Rule of Criminal Procedure 11(c)(1)(C) may seek a sentence correction if his sentence was "based on" a sentencing guidelines range that was subsequently reduced by the Sentencing Commission. A sentence will be "based on" a

guidelines range "if the range was a basis for the court's exercise of discretion in imposing a sentence." *Hughes*, 138 S. Ct. at 1775. Typically, there is no doubt "that the defendant's Guidelines range was a basis for his sentence" because "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case." *Id*. (citing 18 U.S.C. § 3553(a)). The guidelines are "the starting point for every sentencing calculation in the federal system," and "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is no exception." *Peugh v. United States*, 569 U.S. 530, 542 (2013); *Hughes*, 138 S. Ct. at 1776.

In the instant case, it is undisputed that Shanklin entered into a "Type-C" agreement in which the parties agreed that the appropriate term of imprisonment was 144 months. As expressly contemplated in the plea agreement, the court was required to consider the applicable advisory guideline range in imposing a sentence. *See* U.S.S.G. § 6B1.2(c). However, even if the court's imposition of the Rule 11(c)(1)(C) agreed-upon sentence was "based on" the guidelines under *Hughes*, the decision does not provide Shanklin the relief he seeks for several reasons.

First, Amendment 782 already was in effect at the time Shanklin was sentenced; thus, he was sentenced using guidelines that already had incorporated Amendment 782. *See* 18 U.S.C. § 3582(c)(2) (defendant is only eligible for a sentence reduction if defendant was sentenced "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission . . . .") (emphasis added).

Second, Amendment 782 did not lower the offense levels applicable to career offenders. *See* U.S.S.G. App. C, Amend. 782. Shanklin does not challenge the court's prior determination that he is a career offender.

4

Third, Shanklin's ultimate guideline range was "based on" his career offender status, not his drug quantity. Because Shanklin's guidelines range was calculated on the basis of the career offender guidelines, any amendment to the drug guideline would not "have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B). In other words, Amendment 782 has no impact on Shanklin's sentencing guideline calculation because he was sentenced under the career offender provision; therefore, he is not eligible for relief under § 3582(c)(2), and *Hughes* does not apply under these circumstances. *See United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016) (holding that defendant was ineligible for a sentence reduction under § 3582(c)(2) because Amendment 782 did not lower the sentencing range in the career-offender provision of the sentencing guidelines). *See also United States v. Gary Lockett,* No. 7:11-CR-28 (HL), 2018 WL 4387622, at *2 (M.D. Ga. Sept. 14, 2018) (denying defendant relief under *Hughes* because, in addition to other reasons, "where a defendant is sentenced under § 4B1.1 and not under the Drug Quantity Table in § 2D1.1(c), the defendant is ineligible for § 3582(c)(2) relief"); *United States v. Evans,* Criminal No. 13-173, 2018 WL 3862094, at *3 (W.D. Penn. Aug. 14, 2018) (denying relief under *Hughes* because, "[w]here application of an amendment to the Guidelines does not lower a defendant's sentencing range due to his status as a career offender, a reduction of sentence is not authorized" under § 3582(c)(2)).

### III. Conclusion

Shanklin's motion for a reduction of sentence pursuant to *Hughes*, Amendment 782 of the sentencing guidelines, and 18 U.S.C. § 3582(c)(2) (Doc. No. 57) is hereby **DENIED**.

It is so **ORDERED**.

ENTER this 17th day of October 2018.

_____
Aleta A. Trauger
United States District Judge